IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALPHONSO HAYDEN**                                          **PETITIONER**

v.                                                                 **No. 1:12CV58-M-V**

**STATE OF MISSISSIPPI, ET AL.**                                 **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Alphonso Hayden for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed, and Hayden has responded. The matter is ripe for resolution. For the reasons set forth below, the States's motion to dismiss will be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

Alphonso Hayden is in the custody of the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. Hayden was convicted of one count of possession of stolen property (vehicle) in the Circuit Court of Lowndes County, Mississippi. On May 15, 2006, he was sentenced as a habitual offender under MISS. CODE ANN. § 99-19-81 to serve ten years without parole in custody of the Mississippi Department of Corrections ("MDOC"). Hayden appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed the judgment. *Hayden v. State,* 972 So.2d 525 (Miss. 2007) *reh'g denied,* Nov. 15, 2007 (Cause No. 2006-KA-00854-SCT). The records of the Mississippi Supreme Court Clerk's office, and the docket of the United States Supreme Court as posted on the official court website, show that Hayden did not file a petition for writ of certiorari to the United States Supreme Court. Hayden filed a "Motion for Out of Time Appeal and for Leave to Proceed in the Lower Court" in the Mississippi Supreme Court on

August 16, 2011. The Mississippi Supreme Court denied the motion on February 9, 2012.

Alphonso Hayden filed the instant petition with this court on March 7, 2012.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Hayden's judgment became final on February 13, 2008, ninety days after the final decision in state court (November 15, 2007 + 90 days). *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). As Hayden did not file a motion for post-conviction collateral relief as described in 28 U.S.C. § 2244(d)(2) within the

one-year time limitation period set forth in the Antiterrorism and Effective Death Penalty Act, he does not enjoy statutory tolling of the limitations period for his federal *habeas corpus* petition. Thus, the due date for Hayden's federal *habeas corpus* petition was February 13, 2009. *See Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on March 5, 2012, and was stamped "filed" in this case on March 7, 2012. Giving Hayden the benefit of the doubt by using the earlier date, the instant petition was filed 1,116 days after the February 13, 2009, filing deadline. Hayden does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 13th day of March, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI**